**Khaled Ibrahim EL–HIMRI, Petitioner,**

v.

**John ASHCROFT, Attorney**

** This disposition is not appropriate for publication and may not be cited to or by the

General,* Respondent.

No. 02–72210.

Agency No. A72–154–782.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 6, 2003.

Decided Jan. 7, 2004.

Matthew A. Carvalho, Esq., Heller Ehrman White & McAuliffe, LLP, Seattle, WA, for Petitioner.

Regional Counsel, Western Region, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Francisco, CA, WWS–District Counsel, Office of the District Counsel, Seattle, WA, John–Davis, Alison Marie Igoe, Washington, DC, for Respondent.

Before WARDLAW, GOULD, and PAEZ, Circuit Judges.

MEMORANDUM **

Khaled El–Himri, a Palestinian refugee ordered deported to Jordan, petitions for

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* John Ashcroft, Attorney General, is substituted for the Immigration and Naturalization Service as the proper respondent. Fed. R.App. P. 43(c)(2). The INS ceased to exist on March 1, 2003.

** This disposition is not appropriate for publication and may not be cited to or by the

review of a final order of the Bureau of Immigration Appeals ("BIA"), which affirmed the Immigration Judge's ("IJ's") denial of his applications for asylum, withholding of deportation, relief under the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment ("CAT"), and voluntary departure. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny in part and grant in part the petition.

We review the BIA's credibility determination "under a substantial evidence standard." *See Mendoza Manimbao v. Ashcroft*, 329 F.3d 655, 658 (9th Cir.2003). Therefore the BIA's decision to deny El–Himri's applications for asylum, withholding of deportation and voluntary departure, which was based on an adverse credibility finding, must be upheld " 'unless the evidence presented compels a reasonable factfinder to reach a contrary result.' " *De Leon–Barrios v. INS*, 116 F.3d 391, 393 (9th Cir.1997) (internal citations omitted).

The BIA based its adverse credibility finding on numerous material inconsistencies and omissions in El–Himri's testimony that were central to his asylum claims. Much of El–Himri's claim of persecution in both Jordan and Kuwait was predicated upon his association with Alithad, a student organization supporting Palestinian rights. Yet El–Himri refused to name that organization in response to direct questions on the asylum application and in other documents submitted in support of his applications. Although El–Himri was given the opportunity to explain his failure to identify Alithad, only his attorney offered the explanation that the name of the organization "puts . . . his immediate family in Kuwait and himself at risk." The BIA, rejecting the attorney's explanation for El–Himri's failure to identify the "stu-

dent organization," reasoned that "if [El–Himri's] participation in [Alithad] was so notorious, it makes no sense for him to omit this organization," as then both Jordanian and Kuwaiti officials would already have been aware of his association with Alithad. It was only when El–Himri was told that his failure to identify Alithad by name would "undoubtedly result in a denial of the relief" he had requested that he became willing to testify specifically as to his association with Alithad. The BIA concluded that El–Himri had "either created his story about Alithad or discovered the significance of this organization only at the time he testified." Thus, it found that El–Himri's testimony regarding "these central aspects" of his asylum claim was not credible.

El–Himri also claimed that the Jordanian authorities were interested in his activities and those of his family because of his uncle Fahed's supposed involvement with the Black September movement in 1970. The BIA found that El–Himri's testimony regarding the Jordanian government's interest in his uncle to be "questionable and . . ., at best, an exaggeration of the truth." Based upon the "scant information" that El–Himri provided about his uncle, including his suspicion that Fahed, who had not been seen in 30 years, was killed by the Jordanian government, the BIA questioned why Jordanian authorities would still be interested in Fahed. Moreover, the BIA found the fact that the Jordanian government allowed El–Himri's entire family to obtain passports and renew them repeatedly seemed "remarkable" if the Jordanian authorities were intent on persecuting the El–Himri family because of Fahed's activities.

■ Because El–Himri's claims of persecution were principally based upon his

supposed association with Alithad and the Jordanian government's alleged interest in his uncle's activities, the statements that the BIA found to be insincere or exaggerated went to the heart of El–Himri's asylum claim. *See Pal v. INS,* 204 F.3d 935, 938 (9th Cir.2000). As such, El–Himri's omissions and exaggerations regarding these central aspects of his claim provide substantial evidence in support of the BIA's adverse credibility determination. Since El–Himri has not demonstrated that the record presented "compel[s] the opposite conclusion," *Id.,* we affirm the BIA's finding.

El–Himri's testimony was the sole basis upon which his claims for asylum and withholding of deportation rested. Because El–Himri was properly deemed not credible, no evidence supports his claim of past persecution or fear of future persecution in either Kuwait or Jordan. Thus the BIA did not abuse its discretion in denying his applications. *See Berroteran–Melendez v. INS,* 955 F.2d 1251, 1255 (9th Cir.1992).

▮ Nor did the BIA abuse its discretion in denying El–Himri's petition for voluntary departure on the same basis as the IJ, who found El–Himri statutorily ineligible for voluntary departure based upon his false testimony to the court. 8 U.S.C. § 1101(f); INA § 101(f). Substantial evidence does not compel a contrary result. *See Kalaw v. INS,* 133 F.3d 1147, 1151 (9th Cir.1997).

▮ El–Himri is entitled to review of his claim under CAT. 8 C.F.R. § 208.16. Because CAT and asylum claims "are analytically separate," *Kamalthas v. INS,* 251 F.3d 1279, 1283 (9th Cir.2001), the BIA erred in failing to conduct the required separate analysis for El–Himri's CAT claim. Under *Kamalthas,* " 'all evidence relevant to the possibility of future torture shall be considered,' even apart from any prior findings in the asylum context." *Id.*

(internal citations omitted). The BIA must decide whether El–Himri "present[ed] evidence establishing 'substantial grounds for believing that he ... would be in danger of being subjected to torture' " if he were deported to Jordan. *Id.* at 1284.

The petition therefore is DENIED in part, GRANTED in part, and REMANDED to the BIA for further proceedings consistent with this disposition.